1 | Elliot Gale (Bar #263326)
egale@gajplaw.com
2 | Joe Angelo (Bar #268542)
jangelo@gajplaw.com
3 | Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
4 | Roseville, CA 95747
916-290-7778 ph
5 | 916-290-7778 fax

6 | Attorneys for Plaintiff
Patrick Iaconis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Patrick Iaconis<br><br>             Plaintiff,<br><br>v.<br><br>Gurstel Law Firm, P.C.<br><br>             Defendant. | CASE NO. 2:21-cv-00124<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Patrick Iaconis, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits abusive collection practices.

2. Plaintiff brings this action against Defendant Gurstel Law Firm, P.C. (hereinafter "Defendant" or "Gurstel") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

6. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

7. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

8. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

10. This venue is proper pursuant to 28 U.S.C. §1391(b).

11. Plaintiff is a resident of the State of California and resides within the judicial district where this action is being brought.

12. Defendant Gurstel is a Minnesota law firm that engages in collection activity throughout the State of California and has a registered agent for service of process in the State of California.

## GENERAL ALLEGATIONS

13. Plaintiff Patrick Iaconis (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g) and "consumer" as defined by 15 U.S.C. § 1692a(3).

14. At all relevant times herein, Gurstel was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) and "debt" as defined by 15 U.S.C. § 1692a(5).

15. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c) and as defined by 15 U.S.C. § 1692a(6).

16. Plaintiff believes that Gurstel was collecting on an account that did not originate with Gurstel but with another consumer credit account Plaintiff had previously incurred.

17. The loan at issue was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

18. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a

"consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act and as defined by 15 U.S.C. § 1692a(5).

19. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

20. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves and other creditors, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

21. Plaintiff believes the account was an unsecured consumer loan that Plaintiff incurred prior to the account being sold or transferred to Gurstel for collection.

22. Defendant, at some point, assumed control of the debt and began contacting Plaintiff in 2020 to attempt to collect on the collection account.

23. Plaintiff believes that Gurstel is the collection agency for an account that he previously held with another creditor.

24. Plaintiff retained counsel to assist in dealing with the Gurstel debt and collection efforts as well as to seek some type of financial relief.

25. Counsel for Plaintiff sent a letter of representation to Gurstel, through certified mail with the Untied States Postal Service, on September 11, 2020, informing Gurstel that Plaintiff was represented by counsel and to direct all further account questions/inquiries/correspondence to Plaintiff's counsel's office.

26. Gurstel received the certified letter of representation on September 21, 2020.

27. Defendant continued to contact Plaintiff after the September 21, 2020 letter of representation was received.

28. Gurstel would send collection letters and demands for payment to Plaintiff.

29. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

30. Defendant's calls and demand letters were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Gurstel)

31. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

32. Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

33. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

34. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

35. Plaintiff received calls and demand letters from Gurstel after the September 11, 2020 certified letter of representation was received by Gurstel.

36. The collection demands have continued through December of 2020.

37. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

//
//
//
//

## SECOND CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Gurstel)

38. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

39. Defendant was informed on September 21, 2020 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

40. Defendant continued to contact Plaintiff for several months after being informed that he had retained an attorney.

41. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

42. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

43. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

e. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3)

|   |   |   |
|---|---|---|
|   |   | **Gale, Angelo, Johnson, & Pruett, P.C.** |
| Dated: January 7, 2021 | By: | */s/ Joe Angelo* |
|   |   | Joe Angelo |
|   |   | Elliot Gale |
|   |   | Attorneys for Plaintiff |

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

|   |   |
|---|---|
|   | **Gale, Angelo, Johnson, & Pruett, P.C.** |
| Dated: January 7, 2021 | */s/ Joe Angelo* |
|   | Joe Angelo |
|   | Elliot Gale |
|   | Attorneys for Plaintiff |